```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
ADAM SHERMAN, ET AL.,

                    Plaintiffs,

    - against -

ANIELLO ZAMPELLA, ET AL.,

                    Defendants.

23-cv-7940 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    This action is transferred to the Eastern District of New York pursuant to 28 U.S.C. §§ 1404(a), 1406(a).

    The defendant seeks to remove the state court action, <u>Adam Sherman v. Aniello Zampella</u>, et al., No. 655176/2023, from the Supreme Court of the State of New York, County of New York, to join the bankruptcy proceeding, <u>In re Cottonwood Vending, LLC</u>, Case No. 23-43027, currently pending in the United States Bankruptcy Court for the Eastern District of New York. ECF No. 1 at 2, 5. However, the defendant's Notice of Removal mistakenly identifies both the Southern District of New York and the Eastern District of New York as the designated venues. <u>Id</u>. at 2.

    Both 28 U.S.C. § 1404(a) and § 1406(a) are relevant to the defendant's motion. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In determining whether transfer is appropriate under Section 1404(a), courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. Keitt v. N.Y. City, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011). The relevant factors under Section 1406(a) is whether the case was filed in the wrong district. 28 U.S.C. § 1406(a).

Under Section 1404(a) and Section 1406(a), transfer is appropriate in this case. The defendant identified two different venues--the Southern District of New York and the Eastern District of New York--in the defendant's Notice of Removal. ECF No. 1. The bankruptcy proceeding is currently pending in the United States Bankruptcy Court for the Eastern District of New

2

York. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. See 28 U.S.C. §§ 1404(a), 1406(a). The Eastern District of New York will be the appropriate forum to decide all pending motions.

The Clerk is directed to transfer this action to the Eastern District of New York and to close the action on the docket of this Court.

**SO ORDERED.**

**Dated:    New York, New York
           September 28, 2023**

_____
John G. Koeltl
**United States District Judge**